## UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | } **CASE NO: 99-425-CR-DAVIS** |
| | } **CASE NO: 00-17-CR-LEONARD** |
| Plaintiff, | } **CASE NO: 00-6079-CR-DIMITROULEAS** |
| | } |
| vs. | } |
| | } |
| **OSVALDO FERNANDEZ** | } |
| | } |
| Defendant, | } |

### OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

Comes now the defendant, Osvaldo Fernandez, and pursuant to Federal Rules of Criminal Procedure Rule 32, moves this Honorable Court to amend, modify, and alter the presentence investigation report in accord with the objections filed hereunder and would show:

**Page 16 Paragraph 53:** The defendant objects to grouping under the multiple count rules pursuant to the application of U.S.S.G. 3D(1)(4). The grouping is discretionary with the court, and here the stacking or grouping under the multiple count section of the guidelines would increase the defendant's sentence above and beyond that contemplated by the parties in their calculation (agreed upon) of the overall guideline range applicable. The parties also agreed in the plea agreement that the United States would not oppose the defendant's request that the sentences imposed in the Case No.: 99-425-CR-DAVIS and Case No.: 0017-CR-LEONARD and in accordance with the Information run concurrent to each other.



**Page 17 Paragraph 56:** The defendant objects to the eight hundred thousand dollar ($800,000) loss attributable to the defendant; the parties have agreed that the attributable loss to the defendant is three hundred and fifty thousand dollars ($350,000), which would increase the offense level by eleven levels and not thirteen as set forth in the P.S.I.

**Page 17 Paragraph 59:** The defendant objects to a four level increase as an adjustment for the role in the offense; the parties have agreed that a three level increase is appropriate for the defendant and would request that this court so find.

**Page 18 Paragraph 69:** The defendant objects to the specific offense characteristic that the offense involved four firearms, adding a one level increase. In the case involving the possession of the firearm by a convicted felon. There was only one firearm involved in the offense; the parties agreed that the U.S. would not recommend a one level increase.

**Page 19 Paragraph 74:** The defendant has already objected to the grouping and the finding of the combined offense level previously herein and reiterates said objection.

**Page 19 Paragraph 75:** The defendant has already objected to the adjusted offense level and believes the adjusted offense level in this paragraph should be twenty (20).

**Page 19 Paragraph 77:** The defendant has already objected to the adjusted offense level for this group and submits that the appropriate offense level is a twenty-four (24); the defendant also objects to the grouping as previously set forth herein.

**Page 19 Paragraph 79:** The adjusted offense level should be a twenty-four (24) and not a twenty-six (26) as previously mentioned herein.

**Page 19 Paragraph 80:** The defendant objects to any increase in the offense level as contemplated in this paragraph as there should be no increase in offense level as previously set forth herein.

**Page 19 Paragraph 83:** The defendant has submitted an acceptance of responsibility to the probation officer but did so after the preparation of the PSI and requests a downward three (3) level adjustment for said acceptance.

**Page 19 Paragraph 84:** The defendant objects to this paragraph based upon the objections previously made herein and submits that a level twenty-one (21) should be the total offense level.

**Page 20 Paragraph 86:** The rendition of the charge set forth in paragraph 86 is incorrect. The defendant was with his wife in an automobile. The defendant's car was cut off by an automobile containing three males; a traffic dispute began and at a stop light, the three males jumped out of their car threatening the defendant and his wife. The defendant alighted from his car, ran to his trunk and displayed a baseball bat in order to protect his wife and himself. He did not strike or touch any of the assailants. He pled guilty to the charge based upon some advise of counsel which he now knows was erroneous and out of convenience.

**Page 21 Paragraph 88:** The defendant did not enter the residence and did not kick down any door. The defendant was in the automobile while the others entered the residence.

**Page 25 Paragraph 103:** The marriage to Elizabeth Ruiz ended in a divorce decree.

**Page 28 Paragraph 120:** The defendant objects to any departure pursuant to 5K2.2 as the physical injury, which occurred, resulted wholly and totally by accident and was not an intended consequence or act of the crime charged.

WHEREFORE, the defendant prays this Honorable Court will amend, modify, and alter the presentence investigation report in accord with the objections filed herein.

        Respectfully submitted,

        LAW OFFICES OF
        MICHAEL BLACKER
        701 BRICKELL AVENUE, SUITE 2080
        Miami, Florida 33131
        Telephone No. (305) 285-0900
        Facsimile No. (305) 373-8550

By: _____
    Michael Blacker
    Florida Bar No. 121822

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 9th day of June, 2000, to Terrence Ayala, Assistant United States Attorney, 99 N.E. Fourth Street, Miami, Florida 33132 and to R. Kelly Cutright, U.S. Probation Officer, U.S. Courthouse, 300 N.E. First Avenue, Room 315, Miami, FL. 33132.

By: _____
    Michael Blacker