TCA:tca



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NOS. 99-425-CR-DAVIS (s)
00-17-CR-LENARD
00-6029-CR-WD

UNITED STATES OF AMERICA,

-vs-

OSVALDO FERNANDEZ
_____/

## GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S MOTION FOR CONTINUANCE AND DEFENDANT'S MOTION TO MARRY

COMES NOW the United States of America, by and through the undersigned Assistant U.S. Attorney, and responds to Defendant OSVALDO FERNANDEZ's motions for continuance, and for permission to marry.

With regard to the continuance, the government has no objection to a thirty day continuance of the sentencing in this cause.

However, with regard to the marriage motion, the government respectfully submits that the matter of inmate marriage is a question which rests primarily with the State of Florida, Miami-Dade County[1], and the United States Bureau of Prisons ("BOP").[2] In the

---

[1] This assumes that Miami-Dade County, Florida, is responsible for issuing a marriage license for the parties in question to marry. It also assumes that the State of Florida has authorized the County to issue a marriage license for marriage to an inmate.

[2] The undersigned is not familiar with FDC Miami "institutional rules [that] require a court order to effectuate said marriage. However, several sections from the Code of Federal Regulations are relevant. See 28 CFR § 551.111 (Marriage), 28 CFR § 551.13 (Application to marry), 28 CFR § 551.14 (Special circumstances), and 28 CFR § 551.16 (Marriage ceremony in the institution), copies of which are attached for the Court's convenience.



absence of action by those entities, the government respectfully asserts that this Court lacks jurisdiction. Rhodes vs. Chapman, 452 U.S. 337, 350 n. 14 (1981). After such entities act, this Court may review those actions in light of Bradbury v. Wainwright, 718 F.2d 1538 (11th Cir. Fla.) (Florida Department of Corrections had statutory authority to promulgate administrative regulation restricting marriages by inmates. Citing F.S.A. §§ 20.315, and 944.09.); see also Turner v. Safley, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64, 55 USLW 4719 (1987) (Inmate marriage regulation, which prohibited inmates from marrying other inmates or civilians unless prison superintendent approved marriage after finding that there were compelling reasons for doing so, was not reasonably related to any legitimate penological objective, so as to be facially invalid as denial of inmates' constitutional rights.) Here, Defendant has not challenged any action by a state or federal official, or federal rule or regulation as it applies to his situation. Moreover, Defendant has not cited any statute or case under which the Court has authority to grant the relief sought. According, the motion seems premature, unripe for review, and without a basis in law.

The government notes that, in connection with the sentencing in this case, and an on-going investigation, it is possible that Leslie Castro a/k/a Maria Del Carmen Sanchez may be called to give testimony which is adverse to the Defendant's interests. Similarly, Defendant may be called to give testimony which is adverse to Castro's interests. To the degree that a marriage would interfere with either parties' ability to provide such testimony, the government objects to the marriage until the investigation terminates and/or the proceedings in this case have concluded.

WHEREFORE, the government respectfully requests that the Court grant Defendant's request to continue the sentencing for thirty days. Further, the government

respectfully requests that the Court deny Defendant's motion to marry because Defendant has failed to identify any defect in State or Federal action, and has not demonstrated compliance with any applicable State or Federal regulation. To the degree that the marriage motion is ripe, the government objects to the degree that such a marriage would affect either parties' ability to testify against the other.

Respectfully submitted,

**GUY A. LEWIS**
**UNITED STATES ATTORNEY**

By: *[signature]*

Terrence C. Ayala
Assistant United States Attorney
Florida Bar No. 875971
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9293
Fax: (305) 530-7139

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by

United States mail this  13 th day of June, 2000, to:

| | |
|---|---|
| Humberto Dominguez, Esq. | Michael Blacker, Esq. |
| 1101 Brickell Ave. | Law Offices of Michael Blacker, P.A. |
| Miami, Florida 33131 | 701 Brickell Ave., Suite 2080 |
| Fax: (305) 371-2234 | Miami, Florida 33131 |
| | Fax: (305) 373-8550 |

Terrence C. Ayala
Assistant United States Attorney

cc:   Senior Special Agent John Hucke, Diplomatic Security Service, State Dept.
      Special Agent George Belsky, BATF
      John W. Galvin, Postal Inspector, U.S. Postal Service

**CODE OF FEDERAL REGULATIONS**
**TITLE 28--JUDICIAL ADMINISTRATION**
**CHAPTER V--BUREAU OF PRISONS,**
**DEPARTMENT OF JUSTICE**
**SUBCHAPTER C--INSTITUTIONAL MANAGEMENT**
**PART 551--MISCELLANEOUS**
**SUBPART B--MARRIAGES OF INMATES**
Current through May 19, 2000; 65 FR 31960

§ 551.13 Application to marry.

(a) A federal inmate confined in a Bureau institution who wants to get married shall submit a request to marry to the inmate's unit team. The unit team shall evaluate the request based on the criteria identified in § 551.12. A written report of the unit team's findings, and its recommendation, shall be forwarded to the Warden for a final decision.

(b) The Warden shall notify the inmate in writing whether the inmate's request to marry is approved or disapproved. A copy of this notification shall be placed in the inmate's central file. When the Warden's decision is to disapprove the inmate's request, the notification to the inmate shall include a statement of reason(s) for that action. The Warden shall advise the inmate that the decision may be appealed through the Administrative Remedy Procedure.

(c) All expenses of the marriage (for example, a marriage license) shall be paid by the inmate, the inmate's intended spouse, the inmate's family, or other appropriate source approved by the Warden. The Warden may not permit appropriated funds to be used for an inmate marriage.

<General Materials (GM) - References, Annotations, or Tables>

28 C. F. R. § 551.13

28 CFR § 551.13

END OF DOCUMENT

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

**CODE OF FEDERAL REGULATIONS**
**TITLE 28--JUDICIAL ADMINISTRATION**
**CHAPTER V--BUREAU OF PRISONS,**
**DEPARTMENT OF JUSTICE**
**SUBCHAPTER C--INSTITUTIONAL**
**MANAGEMENT**
**PART 551--MISCELLANEOUS**
**SUBPART B--MARRIAGES OF INMATES**
Current through May 19, 2000; 65 FR 31960

§ 551.14 Special circumstances.

(a) Detainers and Pending Charges--Staff review of a marriage request from an inmate who has a detainer(s) and/or a pending charge(s) shall include an assessment of the legal effects of the marriage on these actions. For example, an inmate could request to marry a potential witness in litigation pending against that inmate. Approving this marriage could affect the status of this litigation.

(b) Pretrial Inmates--A pretrial inmate may request permission to marry in accordance with the provisions of this rule. Staff shall contact the court, U.S. Attorney, and in the case of an alien, the Immigration and Naturalization Service, to advise of the marriage request of the pretrial inmate and to request their comments.

(c) Federal inmates not in Federal institutions. A federal inmate who is not confined in a federal institution who wants to get married shall submit a request to the appropriate Community Corrections Manager. Prior to making a decision on the inmate's request, the Community Corrections Manager shall advise the confining authority of the inmate's request and ask that information on the criteria identified in § 551.12 be furnished.

[58 FR 58248, Oct. 29, 1993]

<General Materials (GM) - References, Annotations, or Tables>

28 C F R § 551 14

28 CFR § 551.14

END OF DOCUMENT

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

# CODE OF FEDERAL REGULATIONS
# TITLE 28--JUDICIAL ADMINISTRATION
# CHAPTER V--BUREAU OF PRISONS, DEPARTMENT OF JUSTICE
# SUBCHAPTER C--INSTITUTIONAL MANAGEMENT
# PART 551--MISCELLANEOUS
# SUBPART B--MARRIAGES OF INMATES

Current through May 19, 2000; 65 FR 31960

§ 551.16 Marriage ceremony in the institution.

(a) The Warden may approve the use of institution facilities for an inmate's marriage ceremony. If a marriage ceremony poses a threat to the security or good order of the institution, the Warden may disapprove a marriage ceremony in the institution. The Warden may not delegate the authority to approve or to disapprove a marriage ceremony in the institution below the level of Acting Warden.

(b) Expenses for a marriage ceremony in the institution shall be paid by the inmate, the inmate's intended spouse, the inmate's family, or other appropriate source approved by the Warden. The Warden may not permit appropriated funds to be used for the marriage ceremony, except for those inherent in providing the place and supervision for the event.

Upon request of the inmate, Bureau of Prisons or community clergy, or a justice of the peace may be authorized to assist in a marriage ceremony at the institution.

(1) The marriage ceremony may be performed by Bureau of Prisons or community clergy, or by a justice of the peace.

(2) Because of ecclesiastical constraints, Bureau of Prisons chaplains may decline to perform the marriage ceremony. Upon request of the inmate, a Bureau chaplain will assist that inmate in preparing for an approved marriage; for example, by providing, or arranging for an inmate to receive, pre-nuptial marriage counseling.

(c) The Warden shall require that a marriage ceremony at the institution be a private ceremony conducted without media publicity.

<General Materials (GM) - References, Annotations, or Tables>

28 C. F. R. § 551.16

28 CFR § 551.16

END OF DOCUMENT

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

28 CFR s 551.111
28 C.F.R. § 551.111

**Page 5**

**CODE OF FEDERAL REGULATIONS**
**TITLE 28--JUDICIAL ADMINISTRATION**
**CHAPTER V--BUREAU OF PRISONS,**
**DEPARTMENT OF JUSTICE**
**SUBCHAPTER C--INSTITUTIONAL MANAGEMENT**
**PART 551--MISCELLANEOUS**
**SUBPART J--PRETRIAL INMATES**
Current through May 19, 2000; 65 FR 31960

§ 551.111 Marriage.

A pretrial inmate may request permission to marry in accordance with current Bureau of Prisons policy for convicted inmates. Staff shall contact the court, U.S. Attorney, U.S. Marshals Service, and in the case of an alien, the Immigration and Naturalization Service, to advise of the marriage request of the pretrial inmate and to request their comments.

<General Materials (GM) - References, Annotations, or Tables>

28 C. F. R. § 551.111

28 CFR § 551.111

END OF DOCUMENT

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works