✎AO 245D (Rev. 3/01) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT

SOUTHERN District of FLORIDA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| V. | (For **Revocation** of Probation or Supervised Release) |
| OSVALDO FERNANDEZ | (For Offenses Committed On or After November 1, 1987) |

Case Number: 99-425-CR-LENARD
00-17-CR-LENARD
00-6079-CR-LENARD

Michael Black
Defendant's Attorney

**THE DEFENDANT:**

X admitted guilt to violation of condition(s)  one thru three  of the term of supervision

☐ was found in violation of condition(s) _____ after denial of guilt.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violation(s):

FILED by _____
JUN 7 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Failed to refrain from violation of law | August 17, 2004 |
| 2 | Failed to submit a truthful and complete monthly written report | August, 2004 |
| 3 | Failed to notify probation officer of change in residence | August 17, 2004 |

The defendant is sentenced as provided in pages 2 through  4  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: _____

Defendant's Date of Birth: _____

Defendant's USM No.: 61196-004

Defendant's Residence Address:

2770 West 62 Place, #203, Hialeah, FL

Defendant's Mailing Address:

same as above

June 3, 2005
Date of Imposition of Judgment

*/s/ Joan A. Lenard*
Signature of Judicial Officer

JOAN A. LENARD, UNITED STATES DISTRICT JUDGE
Name and Title of Judicial Officer

June 7, 2005
Date

AO 245D    (Rev. 3/01) Judgment in a Criminal Case for Revocations
           Sheet 2— Imprisonment

Judgment — Page  2  of  4

DEFENDANT:        Osvaldo Fernandez
CASE NUMBER:      99-425-CR-LENARD/00-17-CR-LENARD/00-6079-CR-LENARD

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of   1 month, to run consecutive with case #04-20683-CR-Jordan

☐  The court makes the following recommendations to the Bureau of Prisons:

x  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

  ☐  at _____  ☐ a.m.  ☐ p.m.  on _____ .

  ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐  before 2 p.m. on _____ .

  ☐  as notified by the United States Marshal.

  ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D    (Rev. 3/01) Judgment in a Criminal Case for Revocations
           Sheet 3 — Supervised Release

Judgment—Page __3__ of __4__

DEFENDANT:        Osvaldo Fernandez
CASE NUMBER:      99-425-CR-LENARD/00-17-CR-LENARD/00-6079-CR-LENARD

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    __1 year concurrent w/04-20683-CR-JORDAN__

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Osvaldo Fernandez
CASE NUMBER: 99-425-CR-LENAR/00-17-CR-LENARD/00-6079-CR-LENARD

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in the Home Detention Electronic Monitoring Program for a period of 7 months. During this time the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at his place of residence without 'call forwarding', 'call waiting', a modem, 'caller ID', or 'call back/call block' services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures specified by the U.S. Probation Officer. In addition, the defendant shall pay costs of electronic monitoring at the rate of $3.49 each day.

The defendant shall participate in an approved inpatient/outpatient mental health treatment program, as directed by the U.S. Probation Office. The defendant will contribute to the costs of services rendered (co-payment) in an amount determined by the U.S. Probation Officer, based on ability to pay, or availability of third party payment.

The defendant shall participate in an approved treatment program for drug and/or alcohol abuse as directed by the U.S. Probation Office, and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment, if deemed necessary. The defendant will contribute to the costs of services rendered (co-payment) in an amount determined by the U.S. Probation Officer, based on ability to pay, or availability of third party payment.

The defendant shall maintain his current residence at 2770 W 62 Place, #203, Hialeah, FL.